Marianne Dugan (OSB # 932563)
mdugan@mdugan.com
259 E. 5th Ave., Suite 200-D
Eugene, OR 97401
(541) 338-7072
Fax no. 866-650-5213
mdugan@mdugan.com

Brian Michaels (OSB 925607)
259 E. 5th Ave. Ste 300-D
Eugene, OR  97401
(541) 541 687-0578
Fax (541) 686-2137
brian@brianmichaelslaw.com

       Attorneys for Plaintiff


IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| ROB HANDY and BRIAN T. McCALL, | **No.** |
|       Plaintiffs, | COMPLAINT |
|   v. | (42 U.S.C. 1983 – First Amendment Retaliation; Deprivation of Due Process; Equal Protection Violation; and Violation of Oregon Public Meetings Act Law |
| LANE COUNTY; LIANE RICHARDSON; JAY BOZIEVICH; SIDNEY LEIKEN; and FAYE STEWART, | |
|       Defendants. | JURY TRIAL REQUESTED |

## JURISDICTION AND VENUE

1.     This is a civil action for injunctive relief, damages, and attorney's fees, under 42 U.S.C. 1983 for violations of the First and Fourteenth amendments to the U.S. Constitution; and under the Oregon Public Meetings Act.

2.     Jurisdiction for the federal claims exists under 28 U.S.C. 1331 because this action

PAGE 1 - COMPLAINT

arises under the laws of the United States.

3.    Jurisdiction for the state claim exists under 28 U.S.C. 1367.

4.    Venue is proper in this judicial district pursuant to the provisions of 28 U.S.C. 1391(b) in that this is a civil action wherein jurisdiction is not founded on diversity of citizenship and plaintiffs' claims arise within this judicial district.

## PARTIES

5.    At all relevant times, plaintiff Rob Handy was a resident of Lane County, Oregon, and was a duly elected Lane County Commissioner.

6.    At all relevant times, plaintiff Brian T. McCall was a citizen living within Rob Handy's district and was one of plaintiff Handy's constituents.

7.    As a County Commissioner, plaintiff Handy acts as trustee for the interests of plaintiff McCall and his other constituents.

8.    Defendant Lane County's Board of Commissioners (Board) is a five member governing body duly chartered and constituted under the Oregon Constitution and the laws of the State of Oregon to make decisions on behalf of defendant Lane County, a public body.

9.    Plaintiff Handy, as well as Pete Sorenson, and defendants Bozievich, Leiken, and Stewart, are individuals and, at all times material to this complaint, were the five duly elected members of the Board.

10.    At all relevant times, defendant Richardson was the County Administrator for Lane County, and her acts which are the subject of this lawsuit were undertaken in the regular course of her employment with defendant Lane County.  She is sued in her individual capacity.

11.    Since coming into office, plaintiff Handy has had numerous rancorous

PAGE 2 - COMPLAINT

disagreements with defendant Richardson (some of them publicly debated and some more private), regarding many statements and opinions by Handy which are of general public interest, and also because of his personal positions on many issues with which Richardson disagrees.

12.    Handy has also been in disagreement with defendants Bozievich, Leiken, and Stewart regarding Handy's opinions, statements, and expressive activities.

13.    Handy ran for reelection in a primary race that was decided May 15, 2012.

14.    On May 2, 2012, thirteen days before the election, and about five days after ballots were mailed to citizens, a complaint letter was sent to Richardson regarding Handy, alleging violations of campaign laws.

15.    That day, Oregon Department of Justice began an investigation of the allegations.

16.    Plaintiff Handy immediately submitted a detailed and complete rebuttal of the allegations, and continues to deny that he violated any laws.

17.    The day she received the complaint letter (May 2, 2012), Richardson stated that she had received public records requests, requesting release of the complaint letter, from two media outlets which had consistently made negative statements about Handy (the Register-Guard and KPNW Fox radio/Bill Lundun).

18.    That day, May 2, the individual defendants discussed the complaint letter amongst themselves, and, without including Commissioner Sorenson or Commissioner Handy in the discussions, an "emergency" meeting was planned for the next day, regarding whether to release the complaint letter to the two media outlets.

19.    The next day, May 3 (12 days before the election), the individual defendants, along with County Counsel, met in an "emergency" meeting at 9:00 a.m, about which the public

and Commissioners Handy and Sorenson were not informed until about 7:40 a.m.

20.     At that meeting the Commissioners in attendance (Leiken, Bozievich, and Stewart) voted to release the complaint letter, specifically discussing and voting not to apply the public records act exemption for criminal investigations.

21.     That day, May 3, 2012, defendant Richardson had the locks changed on plaintiff Handy's County Commissioner office; changed his access so he could not enter the County building after hours as he and the other Commissioners had done before; and shut off his access to his computer and his emails.

22.     The release of the letter to the media led to widespread media coverage of the allegations in the complaint letter.

23.     On May 7, 2012, defendant Richardson sent a text to plaintiff Handy, stating: "Commissioner, until we get an ok from the various entities to release the office and computer, we will need to keep your access to Monday-Friday.  The space set aside for your new computer is only open during normal work hours."

24.     That day (May 7) defendant Richardson sent an email to Handy, with a copy to defendants Leiken and Bozievich and county counsel, stating in part:   "Once we have heard from all of the various entities who are looking into the allegations that they no longer need access to your office and computer, I will take this matter back to the BCC [Board] for guidance."

25.     On May 8, 2012, the state Department of Justice advised Richardson and county counsel via email "DOJ has not asked that Commissioner Handy be excluded from, or 'locked out of,' his office.   The DOJ takes no position on the County excluding the Commissioner from,

or granting him access to, any County space; including his office."

26.     Plaintiff Handy lost the May 15 primary election.

27.     On May 23, 2012, plaintiff Handy filed a public records lawsuit in state court against Lane County, related to these events.

28.     On June 27, 2012, Plaintiff Handy was first made aware of the May 8, 2012, email from Department of Justice, when he received a copy of it from Department of Justice.

29.     Plaintiff McCall did not learn of the May 8 email until after June 27, 2012.

30.     Until June 27, 2012, plaintiff Handy reasonably believed that the asserted reason for locking Handy out of his office (and the other deprivations) was because of the DOJ investigation.

31.     On June 29, 2012, plaintiff Handy filed a lawsuit alleging violation of the Oregon Public Meetings Act, in state court, against Lane County and commissioners Leiken, Bozievich, and Stewart, regarding the May 3 "emergency" meeting.

32.     After June 27, 2012, representatives of Lane County stated that the reason Handy was still being locked out of his office (and the other deprivations) was because Handy had filed lawsuits against the County, with the County stating that it was concerned that Handy would access the County Counsel's office from within the Commissioners' office suites.

33.     That stated concern was not rational, and was not a permissible reason for locking Handy out of his office.

34.     The County has never provided Handy with any reason for locking him out of his office between May 8 (the DOJ email) and May 23, 2012 (the filing of the first lawsuit).

35.     From May 3 to July 30, 2012, plaintiff Handy was locked out of his office, and

PAGE 5 - COMPLAINT

was given only a computer at a desk in a conference room that was frequently used by other people; and did not have full access to his older emails.

36.    During that period of time, plaintiff Handy made repeated requests to be given back his office and the other resources that had been deprived to him which other commissioners have access to.

37.    July 30, 2012, the County gave plaintiff Handy a key to his old office, but his badge/access card remained set for business hours only, rather than the previous 24/7 access; and he still had no access to his archived e-mails.

38.    Plaintiffs are entitled to a jury trial.

## COUNT 1

### (First Amendment Retaliation – Individual Defendants - Plaintiff Handy)

39.    Plaintiffs incorporate the preceding paragraphs.

40.    Prior to May 2, 2012, and ever since then, plaintiff Handy has exercised his right to speech and other rights protected by the First Amendment to the U.S. Constitution.

41.    The actions of the individual defendants as stated herein were in retaliation against plaintiff Handy for his above-referenced exercise of constitutionally protected First Amendment rights.

42.    Defendants' actions as described herein were governmental measures that punished and threatened to punish plaintiff Handy's protected activities by governmental action that is regulatory, proscriptive, and/or compulsory in nature.

43.    The individual defendants, under color of state law, deprived plaintiff Handy of his civil rights guaranteed by the First and Fourteenth Amendment of the United States

Constitution by retaliating against his exercise of constitutionally protected First Amendment rights.

44.     The individual defendants' deprivation of plaintiff Handy's civil rights was a substantial factor in causing plaintiff Handy harm, and as a result plaintiff Handy suffered damage, both economic and non-economic, in amounts to be determined at the time of trial.

45.     As a direct and proximate result of the actions and omissions described in this complaint, plaintiff Handy was required to hire an attorney to represent him in this matter and is entitled to an award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

**COUNT 2**

**(First Amendment Violation – Individual Defendants - Plaintiff McCall)**

46.     Plaintiffs incorporate the foregoing paragraphs.

47.     Plaintiff Handy's votes and other official actions are undertaken as a trustee for plaintiff McCall and his other constituents.

48.     The actions alleged herein harmed plaintiff McCall's First Amendment interests in representative government.

49.     By their actions described herein, the individual defendants, under color of state law, deprived plaintiff McCall of his civil rights guaranteed by the First and Fourteenth Amendment of the United States Constitution by harming his First Amendment interests.

50.     The individual defendants' deprivation of plaintiff McCall's civil rights was a substantial factor in causing plaintiff McCall harm, and as a result plaintiff McCall suffered harm in amounts to be determined at the time of trial.

51.     As a direct and proximate result of the actions and omissions described in this

complaint, plaintiff McCall was required to hire an attorney to represent him in this matter and is entitled to an award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## COUNT 3

### (Equal Protection – Individual Defendants - Plaintiff McCall)

52.     Plaintiffs incorporate the preceding paragraphs.

53.     As a constituent of plaintiff Handy residing in Handy's district, plaintiff McCall has standing to bring an equal protection challenge to the actions of defendants.

54.     By their actions alleged herein, the individual defendants, under color of state law, deprived plaintiff McCall of his civil rights guaranteed by the Fourteenth Amendment of the United States Constitution by harming his Fourteenth Amendment equal protection interests.

55.     The individual defendants' deprivation of plaintiff McCall's civil rights was a substantial factor in causing plaintiff McCall harm, and as a result plaintiff McCall suffered non-economic harm in amounts to be determined at the time of trial.

56.     As a direct and proximate result of the actions and omissions described in this complaint, plaintiff McCall was required to hire an attorney to represent him in this matter and is entitled to an award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## COUNT 4

### (Due Process – Individual Defendants – Plaintiff Handy)

57.     Plaintiffs incorporate the preceding paragraphs.

58.     The May 3, 2012 "emergency" meeting was (and continues to be) published to the general public via a webcast available on the internet, and was also open to the public.

59.     In planning and conducting the May 3 meeting, the individual defendants violated

the Oregon public meetings law, as explained in further detail herein.

60.    In planning and conducting the May 3 meeting in violation of the public meetings law; in statements made during the May 3 meeting; and in documents made available to the general public by the individual defendants, the individual defendants took actions designed to deny plaintiff Handy his interests in his right to run for reelection in the May 15 primary, and made stigmatizing statements about plaintiff Handy, by making charges against him that carry the stigma of moral turpitude, such as dishonesty or immorality.

61.    Plaintiff Handy had a constitutionally protected liberty interest in his Lane County Commissioner position and in his right to run for reelection.

62.    By taking these actions, the individual defendants, under color of state law, deprived plaintiff Handy of his liberty interest, without providing plaintiff Handy with pre-deprivation notice and opportunity for hearing and/or constitutionally sufficient post-deprivation due process, in violation of the Fourteenth Amendment to the U.S. Constitution.

63.    Defendants deprivation of plaintiff Handy's civil rights was a substantial factor in causing plaintiff Handy harm, and as a result plaintiff Handy suffered damage, both economic and non-economic, in amounts to be determined at the time of trial.

64.    As a direct and proximate result of the actions and omissions described in this complaint, plaintiff Handy was required to hire an attorney to represent him in this matter and is entitled to an award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## COUNT 5

### (Municipal Liability Claim - Lane County –

### 42 U.S.C. § 1983; Monell v. Dept. of Social Services and Adickes v. Kress)

PAGE 9 - COMPLAINT

65.     The preceding paragraphs are incorporated herein by reference.

66.     Lane County allowed the behavior alleged herein to be taken by a final policy-maker; and/or has ratified the behavior alleged herein, and/or has encouraged or acquiesced in this unlawful behavior, and/or tacitly encouraged or acquiesced in it, and/or has failed to adequately train, supervise, or discipline its employees, thus evincing deliberate indifference to plaintiffs' constitutional rights, sufficient to support a verdict that those the defendant County's policies, customs, or practices caused the violations of plaintiffs' civil rights.

67.     Defendant County is liable to plaintiffs for its unconstitutional policies, customs, or practices.

68.     As a direct and proximate result of the actions and omissions described in this complaint, plaintiffs incurred the damages alleged herein, and were required to hire an attorney to represent them in this matter and are entitled to an award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## COUNT 6

**(Oregon Public Meetings Act – Defendants County, Leiken, Bozievich, and Stewart – Quorum meeting and deciding without public notice)**

69.     Plaintiffs re-allege the preceding paragraphs.

70.     The use of the word "defendants" in this Count refers to defendants County, Leiken, Bozievich, and Stewart.

71.     Plaintiffs seek relief under ORS 192.680 to void defendants' decision to lock plaintiff Handy out of his Commissioner office and deny him other resources available to other Commissioners; to determine the applicability of ORS 192.610 to ORS 192.690 to matters or

decisions of defendants, and to enjoin defendants from prospectively violating Oregon's Public

Meeting Laws (ORS 192.610 et seq).

72.    The following allegations are likely to have evidentiary support after a reasonable

opportunity for further investigation or discovery:  From May 3, to July 30, 2012, defendants

jointly decided to lock plaintiff Handy out of his office, and during portions of that period also

denied him full access to his emails and other resources available to other Commissioners; and

from May 3, 2012, to the present, jointly decided to deny plaintiff Handy the 24/7 access to the

County building that was previously available to him and that has been available to other

Commissioners.

73.    ORS 192.620 establishes Oregon's policy of open decision-making by governing

bodies, providing as follows:  The Oregon form of government requires an informed public

aware of the deliberations and decisions of governing bodies and the information upon which

such decisions were made.  It is the intent of ORS 192.610 to 192.690 that decisions of

governing bodies be arrived at openly.

74.    Further provisions of ORS Chapter 192 carry out the general open meeting policy

expressed in ORS 192.620.  These statutes include the following:

a.    ORS 192.630(1) states:  All meeting of the governing body of a public body shall

be open to the public and all persons shall be permitted to attend any meeting except as

otherwise provided by ORS 192.610 to 192.690.

b.    ORS 192.630(2) states: A quorum of a governing body may not meet in private

for the purpose of deciding on or deliberating toward a decision on any matter except as

otherwise provided by ORS 192.610 to 192.690.

PAGE 11 - COMPLAINT

c.      ORS 192.670 states:  (1) Any meeting, including an executive session, of a governing body of a public body which is held through the use of telephone or other electronic communication shall be conducted in accordance with ORS 192.610 to 192.690.  (2)  When telephone or other electronic means of communication is used and the meeting is not an executive session, the governing body of the public body shall make available to the public at least one place where the public can listen to the communication at the time it occurs by means of speakers or other devices.  The place provided may be a place where no member of the governing body of the public body is present.

75.      Defendants are responsible for knowing the requirements of Oregon public meeting law.  Further, at all times material, defendants have maintained actual knowledge of the law's requirements.

76.      The following allegations are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery:  Despite defendants' knowledge of Oregon public meeting law requirements, defendants conducted private meetings to deliberate or decide upon matters of public business.

77.      The following allegations are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery:  The defendants and certain of their agents met through email, telephone, and perhaps in person, to deliberate toward decisions regarding Commissioner Rob Handy.

78.      Defendants made the decision discussed herein in violation of ORS 192.610 to 192.690.  Specifically:

a.      Defendants violated ORS 192.630(2) and ORS 192.670 because a quorum of the

Commissioners (the individual defendants) conducted meetings in private for the purpose of deciding or deliberating toward those decisions

b.     Defendants violated ORS 192.640 by not providing proper notices of the private meetings conducted in violation of ORS 192.630(2) and ORS 192.670 as alleged in (a) above.

c.     Defendants violated ORS 192.650 by not taking proper minutes of the private meetings conducted in violation of ORS 192.630(2) and ORS 192.670 as alleged in (a) above.

79.     Plaintiffs are entitled to a declaratory determination from this court that defendants made the decisions referenced herein in violation of ORS 192.610 to 192.690.

80.     Plaintiffs are entitled to a declaratory determination that defendants violated ORS 192.630(2) and ORS 192.670 by conducting the private meetings alleged in paragraph 22 herein.

81.     Plaintiffs are entitled to an award of their reasonable costs and attorney fees incurred herein pursuant to ORS 192.680(3).

82.     Defendants' violations of ORS 192.620 to ORS 192.690 as described herein were the result of intentional disregard of the law or willful misconduct by the individual defendants.

83.     Plaintiffs are entitled to a judgment invalidating the decisions referenced herein.

84.     Plaintiffs are entitled to an award of their costs and reasonable attorney fees incurred herein pursuant to ORS 192.680(3).

85.     Pursuant to ORS 192.680(3), this court should enter judgment holding the individual defendants personally liable to defendant Lane County Board of Commissioners for any costs or attorney fees awarded to plaintiffs herein.

86.     Defendants' violations of ORS 192.620 to ORS 192.690 as described herein were the result of intentional disregard of the law or willful misconduct by the defendants.

PAGE 13 - COMPLAINT

87.     Plaintiffs are entitled to an award of their costs and reasonable attorney fees incurred herein pursuant to ORS 192.680(3).

88.     Pursuant to ORS 192.680(3), this court should enter judgment holding the individual defendants personally liable to defendant Lane County Board of Commissioners for any costs or attorney fees awarded to plaintiffs herein.

## COUNT 7

### (Violation of Oregon Public Meetings Law –

### Defendants County, Leiken, Bozievich, and Stewart – Injunction)

89.     Plaintiffs re-allege the preceding paragraphs.

90.     In this Count, the word "defendants" refers to the County, Leiken, Bozievich, and Stewart.

91.     Defendants' violations of Oregon public meeting laws have been regular, sustained, and are ongoing.  The violations alleged herein are the result of intentional disregard of the law or willful misconduct by a quorum of the members of the governing body, specifically the individual defendants.  Defendants will continue to violate Oregon public meeting laws in the absence of injunctive relief.

92.     Pursuant to ORS 192.680(2), plaintiffs are entitled to an injunction against each of the defendants named herein to prevent future violations of ORS 192.610 to ORS 192.690 from occurring.

93.     In accordance with ORS 192.680(3) plaintiffs are entitled to an award of their costs and reasonable attorney fees incurred herein.

94.     Pursuant to ORS 192.680, the court should enter a judgment holding the

individual defendants personally liable to defendant Lane County Board of Commissioners for any costs or attorney fees awarded to plaintiffs herein.

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs request a jury trial and demand judgment in their favor and against defendants for the relief sought herein; for their reasonable costs and attorney fees; and for any other relief deemed appropriate by the court.

Respectfully submitted August 27, 2012.

  /s/  Marianne Dugan
Marianne Dugan, OSB # 932563
259 E. 5th Ave., Ste 200-D
Eugene, OR  97401
(541) 338-7072

  /s/  Brian Michaels
Brian Michaels, OSB 925607
259 E. 5th Ave. Ste 300-D
Eugene, OR  97401
(541) 541 687-0578

Attorneys for Plaintiffs

PAGE 15 - COMPLAINT